UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00259-JPH-MJD |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

In 2002, petitioner Brian Brown was convicted of one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and one count of sexual abuse of a minor in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(A). He seeks relief from his sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Brown's habeas petition must be **denied**.

**I. Procedural and Factual Background**

**A. Criminal Offense**

Mr. Brown offered to take the daughter of a family friend with him on an overnight trip to Texas. *United States v. Brown*, 330 F.3d 1073, 1076 (8th Cir. 2003). Mr. Brown did not return the girl when planned, and he sexually assaulted her during the trip. *Id.* When police arrested Mr. Brown, the girl reported that Mr. Brown had sexually assaulted her, and a medical examination revealed semen in her pants. *Id.* Genetic testing showed that Mr. Brown's DNA matched the semen found in the girl's clothing. *Id.*

Mr. Brown was subsequently charged with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and one count of sexual abuse of a minor in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(A). *United States v. Brown*, Case No. 4:01-cr-40019-HFB-1 (W.D. Ark.) ("Crim.

1

Dkt."), dkt. 8. A jury convicted Mr. Brown of both counts after a five-day trial. Crim. Dkt. 64. In June 2002, the court sentenced Mr. Brown to concurrent terms of life imprisonment. Crim. Dkt. 87.

Mr. Brown appealed his conviction and sentence. Crim. Dkt. 91. He raised several challenges on appeal, including two challenges to enhancements applied while determining his offense level under the United States Sentencing Guidelines. *See Brown*, 330 F.3d at 1077-80. The Eighth Circuit affirmed Mr. Brown's conviction and sentence. *Id.* at 1080. The Supreme Court denied Mr. Brown's petition for a writ of certiorari. *Brown v. United States*, 540 U.S. 975 (2003).

### B. Motion for Relief Under 28 U.S.C. § 2255

Mr. Brown filed a motion under 28 U.S.C. § 2255 attacking his conviction and sentence in 2004. Crim. Dkt. 106. He then filed several amended motions. Crim. Dkts. 121, 126, 159. One of the issues Mr. Brown raised was a challenge to certain enhancements applied under the Sentencing Guidelines—he argued that these enhancements were applied in violation of the Sixth Amendment because they were not submitted to a jury. *See* Crim. Dkt. 193 at 1. The court rejected this argument because the enhancements applied at sentencing affected the sentencing guidelines range, not the statutory maximum sentence allowed. *Id.* at 4. The statutory maximum sentence for the offenses of conviction was life imprisonment and that is what Mr. Brown received, so his sentence "was not improperly enhanced." *Id.* The Eighth Circuit affirmed the denial of Mr. Brown's § 2255 motion, *United States v. Brown*, 528 F.3d 1030 (8th Cir. 2008), and the Supreme Court denied certiorari, *Brown v. United States*, 555 U.S. 937 (2008).

### C. Subsequent Collateral Attacks[1]

Mr. Brown has filed numerous collateral attacks on his conviction and sentence. The first came shortly after the Supreme Court denied certiorari on the denial of Mr. Brown's § 2255 motion. In that case, Mr. Brown again alleged that his sentence was improperly enhanced on facts not submitted to a jury. Crim. Dkt. 221 at 25-27. The court concluded that Mr. Brown's motion was a successive § 2255 motion and denied it. Crim. Dkt. 233.

In 2010, Mr. Brown filed a § 2241 petition in the Eastern District of Kentucky wherein he asked the court to resentence him "under the identification that the Sentencing Guidelines violate the Sixth Amendment, as enhancements were issued that were not found before a jury, nor plead to." *Brown v. Wilson*, Case No. 6:10-cv-00301-GFVT, dkt. 2-3 at 5 (cleaned up). The court denied Mr. Brown's motion. *Id.* at dkt. 15.

Undeterred, Mr. Brown filed another post-judgment motion in the court of conviction. Crim. Dkt. 253. In that motion, Mr. Brown argued that his sentence violated the Ex Post Facto Clause because the version of the Sentencing Guidelines used during his sentencing became effective after the date of his offenses. *Id.* The court interpreted this motion as another successive § 2255 motion and denied it because the Eighth Circuit had denied Mr. Brown's request to file a successive § 2255 motion. Crim. Dkt. 278. The court did not address the merits of Mr. Brown's claims. *Id.*

Mr. Brown filed yet another § 2255 motion in the court of conviction in August 2016. Crim. Dkt. 285. He raised three arguments worth noting: (1) the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), supported his argument that the enhancements

---

[1] The discussion of Mr. Brown's many collateral attacks on his sentence is not exhaustive. This section references only the collateral attacks that are relevant to the § 2241 petition before this Court.

3

applied at sentencing violated his Sixth Amendment rights; (2) the court improperly calculated his criminal history category by counting previous convictions as separate offenses and including misdemeanor offenses; and (3) the court used the wrong version of the Sentencing Guidelines because it used a version that came into effect after Mr. Brown committed the offenses. *Id.* The court denied Mr. Brown's motion, finding that it was a successive § 2255 motion and Mr. Brown had not obtained permission to file a successive § 2255 motion. Crim. Dkt. 292.

Mr. Brown filed a § 2241 petition in the District of Arizona in May 2019. *Brown v. VonBlanckensee*, Case No. 4:19-cv-00269-RCC-LCK (D. Ariz.), dkt. 1. He raised the same three arguments as he did in the § 2255 motion filed in the court of conviction in 2016. *Id.* The court denied Mr. Brown's § 2241 petition, finding that he failed to satisfy the burden of "showing the inadequacy or ineffectiveness of the § 2255 remedy." *Brown*, Case. No. 4:19-cv-00269-RCC-LCK (D. Ariz.), dkt. 6 at 3. The Ninth Circuit denied Mr. Brown's request for a certificate of appealability. *Id.* at dkt. 16.

## II. Discussion

In this § 2241 petition, Mr. Brown "does not challenge the legality of his conviction;" he instead asks the Court to "vacate the sentence that was enhanced based on the findings that it is void." Dkt. 3 at 14. He presents the same three challenges that he presented in the court of conviction and in the § 2241 petition filed in the District of Arizona: (1) the sentencing court violated the Ex Post Facto clause by using a version of the United States Sentencing Guidelines that became effective after Mr. Brown committed the offenses for which he was convicted; (2) his sentencing guideline range was enhanced based on factors that were not submitted to a jury; and (3) the sentencing court erred in calculating his criminal history category because it improperly counted two prior felony convictions as separate offenses and improperly counted prior

4

misdemeanor convictions. For the reasons explained below, Mr. Brown cannot pursue any of these claims under § 2241.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically,

5

to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."[2] *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

### B. Relitigating Issues Already Presented

Section 2244(a) prohibits a court from entertaining a habeas corpus petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in § 2255." 28 U.S.C. § 2244(a). This section "bars successive petitions pursuant to 28 U.S.C. § 2241, which are directed at the same issue." *Schaefer v. Bezy*, 199 F. App'x 548, 551 (7th Cir. 2006) (citing *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998)).

The arguments Mr. Brown presents in the § 2241 petition filed in this Court are the same as the arguments he presented in the § 2241 petition filed in the District of Arizona.[3] *Compare* dkts. 1 and 3 *with Brown v. VonBlanckensee*, Case No. 4:19-cv-00269-RCC-LCK (D. Ariz.), dkt. 1. Because the Arizona district court already addressed Mr. Brown's arguments, § 2244(a) bars this Court from doing so. *Ellis v. Olson*, 27 F. App'x 620, 622 (7th Cir. 2001) (affirming dismissal under § 2244(a) of a § 2241 petition that raised the same legal issue as a previously rejected § 2241 petition). Consequently, Mr. Brown's § 2241 petition must be **denied**.

---

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. Dkt. 20 at 8, n.4.

[3] Mr. Brown presented the argument that his sentence was enhanced based on factors not submitted to a jury to several courts, to no avail. *See* Part I.B and C, *supra*.

## III. Conclusion

As explained above, Mr. Brown's petition for a writ of habeas corpus is **denied.** Judgment dismissing this action with prejudice shall now issue.

**SO ORDERED.**

Date: 11/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN L. BROWN
05937-010
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov